## Johnson v City of New York

2024 NY Slip Op 31348(U)

April 17, 2024

Supreme Court, New York County

Docket Number: Index No. 160051/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARLENE P. BLUTH

*Justice*

PART     14

---------------------------------------------------------------------------X

OFFICER GREGORY JOHNSON,

INDEX NO.     160051/2020

Petitioner,

MOTION DATE     N/A[1]

MOTION SEQ. NO.     001

- v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTION

**DECISION + ORDER ON MOTION**

Respondents.

--------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001)1- 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

Petitioner seeks to vacate his suspensions; respondents' cross-motion to dismiss the petition is granted.

**Background**

Petitioner alleges that he tested positive for COVID-19 on April 3, 2020 and he subsequently took a leave of absence in order to quarantine. He contends that instead of being able to quarantine, the Department of Corrections ("DOC") "engaged in nefarious tactics designed to understand [sic] that governmental purposes, because of the City and the Department's objective of (a) fiscal crisis and (b) reducing the Department's largely women and minority uniform workforce through hostile tactics" (NYSCEF Doc. No. 1, ¶ 30). He insists that he was then suspended three separate times and prevented from returning to work.

---

[1] The Court recognizes that this proceeding has been pending for years until being reassigned to the undersigned this week. The Court apologizes, on behalf of the Court system, for the lengthy delay in getting a decision.

**160051/2020   JOHNSON, OFFICER GREGORY vs. CITY OF NEW YORK**
**Motion No.  001**

Page 1 of 5

[* 1]

Petitioner contends that his suspensions for absences related to COVID-19 were in bad faith and lacked any rational basis. He contends that his summary suspensions by respondents violates various paid leave and civil rights statutes. Petitioner also contends that his suspensions are evidence of discriminatory conduct by respondents as part of an effort to reduce the number of minority employees working for the Department of Correction ("DOC").

Respondents cross-move to dismiss on the ground that petitioner violated a DOC regulation by being absent from his residence while on sick leave. They emphasize that petitioner was not terminated; instead, he was merely suspended for abusing his sick leave. Respondents observe that on the three occasions at issue, petitioner was not at home during his sick leave and so he was suspended without pay each time.

In opposition to the cross-motion, petitioner complains about DOC's COVID-19 leave policy and insists it only serves to spread the virus. Petitioner argues that any effort to reduce DOC's uniformed workforce will disproportionately affect members of protected classes as the vast majority of uniformed DOC workers are members of such groups. He insists that his suspensions constitute an adverse employment action for purposes of a discrimination claim.

In reply, respondents contend that petitioner's papers are filled with unsupported and conclusory allegations. They emphasize that the uncontroverted facts are that petitioner was suspended on three occasions for violating a DOC directive while on paid sick leave for four months following a positive test for COVID-19.

**Discussion**

"It is a long-standing, well-established standard that the judicial review of an administrative determination is limited to whether such determination was arbitrary or capricious or without a rational basis in the administrative record and once it has been determined that an

**160051/2020   JOHNSON, OFFICER GREGORY vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

agency's conclusion has a sound basis in reason, the judicial function is at an end. Indeed, the determination of an agency, acting pursuant to its authority and within the orbit of its expertise, is entitled to deference and even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency when the agency's determination is supported by the record" (*Partnership 92 LP v State Div. of Hous. and Community Renewal*, 46 AD3d 425, 428-29 [1st Dept 2007], *affd* 11 NY3d 859 [2008] [internal quotations and citations omitted]).

The Court's analysis begins with the subject regulation, Directive 2262R (NYSCEF Doc. No. 19). This directive contains, in relevant part, procedures when a uniformed employee is out on sick leave. Specifically, it provides that "Members of the uniformed force who report sick and are otherwise not classified as chronic absent will not be confined to their residence for the first eight (8) days they report sick in a calendar year. Members are responsible to have knowledge of their sick day count during the calendar year. Ignorance of the members' sick day count will not be a defense in disciplinary procedures resulting from an out-of-residence violation" (*id*. at 5). It also states that "Members of the uniformed force who have reported sick for nine (9) or more days during a calendar year, or are classified as chronic absent shall not leave their residence or place of confinement except for visitation to their personal physician, a hospital, H.M.D. or where contractually permitted" (*id*. at 6).

The record contains three instances where DOC's Health Management Division sent someone to petitioner's residence to conduct an "absence control visit" and petitioner was not at home (NYSCEF Doc. Nos. 4, 5, and 20). Respondents contend that petitioner was out for four months after testing positive for COVID-19. Therefore, the Court finds that respondents met

**160051/2020   JOHNSON, OFFICER GREGORY vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 3 of 5**

their burden to dismiss this petition as they cite a rational basis for petitioner's suspensions—repeated violations of the aforementioned DOC directive about sick leave.

Curiously, petitioner does not address these three absence control visits at all. He did not, for instance, contend that he was actually at home during these visits or that he had an acceptable justification for not being at home. In fact, petitioner did not directly respond to respondents' contentions surrounding his suspensions in any way. Instead, petitioner's papers detail how DOC is allegedly attempting to reduce its workforce in violation of various civil rights statutes. In this Court's view, those arguments are not pertinent to this proceeding. As respondents point out, petitioner was not fired nor have respondents made any effort to terminate his employment; he was simply suspended after he was caught violating the rules.

That renders petitioner's claims based on the Civil Service Law and civil rights statutes as inapplicable. That petitioner may be part of a protected class is not a basis to find that he is entitled to back pay where petitioner wholly failed to address the stated justification for his suspensions. Petitioner did not adequately argue how receiving suspensions for not being at home constitutes a discrimination claim. Moreover, the Court observes that petitioner styled this proceeding as an Article 78 petition, not as a plenary action in which he alleged causes of action based on civil rights violations.

**Summary**

The Court recognizes that that petitioner contends that DOC is engaged in some sort of scheme to reduce its workforce by "false and fabricated means." This speculation is not relevant to this proceeding where it is not disputed or contested that petitioner was not at home on three occasions when, according to DOC policy, he was supposed to be at his residence. The fact is that petitioner's extended sick leave required him to remain at his residence, with certain

**160051/2020   JOHNSON, OFFICER GREGORY vs. CITY OF NEW YORK**
**Motion No.  001**

Page 4 of 5

exceptions, and the exhibits submitted in this proceeding show he violated DOC's regulations.

That constitutes a rational basis for his suspensions.

Accordingly, it is hereby

ORDERED that respondents' cross-motion to dismiss is granted; and it is further

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or

disbursements.

| 4/17/2024 | | ARLENE P. BLUTH, J.S.C. |
|-----------|---|---------|
| **DATE** | | |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|----------------|---|---------------|---|----------------------|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160051/2020   JOHNSON, OFFICER GREGORY vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]